IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELVIN KETCHUM | § | |
| | § | |
| v. | § | C.A. NO. C-08-193 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## ORDER DENYING PETITIONER'S REQUEST FOR COPY OF RECORDS

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for a copy of the transcript of his voir dire at trial. (D.E. 50).

On June 13, 2008, petitioner filed his petition. (D.E. 1). On August 6, 2008, respondent filed his original answer. (D.E. 26). Respondent's motion for summary judgment was separately filed that same day. (D.E. 27). Respondent had separately filed the state court records in petitioner's case on July 31, 2008. (D.E. 25). On September 16, 2008, a memorandum and recommendation was entered to grant respondent's motion for summary judgment. (D.E. 33). On October 7, 2008, the district court adopted the memorandum and recommendation and entered final judgment. (D.E. 35, 36). On October 16, 2008, petitioner filed a notice of appeal and a motion for certificate of appealability. (D.E. 37, 38). On October 21, 2008, his motion for certificate of appealability was denied. (D.E. 40). On November 10, 2008, he was granted leave to proceed *in forma pauperis* on appeal. (D.E. 46). On December 22, 2008, he filed the instant motion. (D.E. 50). He seeks a copy of the voir dire from the transcript of his state trial proceedings. Id.

Rule 5 of the Rules Governing Section 2254 Cases requires the respondent to serve

certain documents on the petitioner as part of the answer.  See <u>Foots v. Louisiana</u>, 793 F.2d 610, 612 (5th Cir. 1986) (per curiam) (discussing the requirements of Rule 5).  The Advisory Committee Notes to Rule 5 explain that "[t]he court may order the furnishing of additional portions of the transcripts upon the request of petitioner or upon the court's own motion."  Rule 5 of the Rules Governing Section 2254 Cases advisory committee notes (1976 Adoption).  To the extent that any of these various documents should be filed with the answer, they must also be served on petitioner.  See Rule 5 of the Rules Governing Section 2254 Cases advisory committee notes (1976 Adoption) ("Rule 5 does not indicate who the answer is to be served upon, but it necessarily implies that it will be mailed to the petitioner (or to his attorney if he has one).").

However, here petitioner does not complain that he was not properly served with copies of the state court records or that the documents he requests were not properly included with the answer.  Indeed, a review of the record reveals voluminous citations by petitioner to the state court records, indicating that he has them in his possession.  (D.E. 30, 31, 34, 38, 41, 49, 50).  Instead, he merely states that he wishes to have a copy of the voir dire transcript to prepare his appeal in this case.  (D.E. 50).  Thus, any requirement imposed by Rule 5 of the Rules Governing Section 2254 cases is inapplicable to his request.

Moreover, petitioner does not indicate the purpose for which he requires a copy of the voir dire transcript.  He alleges that another portion of the record indicates that the voir dire transcript was not made a part of the court reporter's records, but he does not indicate what claim a transcript of the voir dire would help him to assert on appeal.  Petitioner cites no authority indicating that he is entitled to a copy of the transcript under these circumstances, nor can the Court identify any.

Accordingly, petitioner's motion for copy of records, (D.E. 50), is hereby DENIED.

ORDERED this 5th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE