IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELVIN KETCHUM | § | |
| | § | |
| v. | § | C.A. NO. C-08-193 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PETITIONER'S MOTION FOR EQUITABLE TOLLING**

Petitioner Melvin Ketchum filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is petitioner's motion to toll the filing of his notice of appeal. (D.E. 63). On September 14, 2009, a telephonic hearing was held regarding the motion.[1]

On August 6, 2008, respondent moved for summary judgment asserting that petitioner's claims are meritless. (D.E. 27). In a memorandum and recommendation issued September 16, 2008, it was recommended that respondent's motion be granted, and this habeas petition be dismissed with prejudice. (D.E. 33). On October 7, 2008, the Court adopted this recommendation dismissing the petition and entering final judgment. (D.E. 35, 36). Petitioner was also denied a certificate of appealability. Id.

On October 16, 2008, petitioner filed a notice of appeal. (D.E. 37). It was

---

[1] During the hearing, it was determined that the pending motion seeking "eautall" tolling was an error and that petitioner actually was seeking "equitable" tolling.

docketed as Ketchum v. Quarterman, 09-41153 (5th Cir.). That same day, he also filed a motion for a certificate of appealability. (D.E. 38). On October 21, 2008, the Court denied this motion. (D.E. 40). On October 24, 2008, petitioner again filed a motion for a certificate of appealability. (D.E. 41). On October 27, 2008, the Court deferred resolution of this motion to the United States Court of Appeals for the Fifth Circuit. (D.E. 42). On December 8, 2008, petitioner filed a third motion for a certificate of appealability. (D.E. 49). On January 26, 2009, the Court again deferred resolution of this motion to the Fifth Circuit. (D.E. 55). On June 11, 2009, the Fifth Circuit denied petitioner's requests for a certificate of appealability. (D.E. 61).

On July 1, 2009, petitioner filed a motion for a rehearing of the denial of the certificate of appealability by the Fifth Circuit. On July 9, 2009, he filed another request for a rehearing for a certificate of appealability.[2] Because he did not receive a response, he filed the pending motion arguing that he was entitled to equitable tolling for leave to file out of time with this Court regarding his request for a rehearing on the certificate of appealability issue. On July 24, 2009, he filed a motion for leave to file out of time for reconsideration. On August 18, 2009, the Fifth Circuit granted his motion for leave to file out of time the motion for reconsideration, but denied his motion for a certificate of appealability. Ketchum

---

[2] Petitioner also refiled this motion with the Fifth Circuit on August 18, 2009.

2

v. Quarterman, 09-41153 (5th Cir.) (per curiam) (unpublished).

In petitioner's pending motion, he seeks to have this Court grant relief that is properly sought from the Fifth Circuit. Indeed, this Court lacks authority to compel the Fifth Circuit to accept petitioner's request seeking leave to file out of time a motion for reconsideration of the denial of a certificate of appealability. Moreover, the Fifth Circuit already granted him such leave rendering the pending motion moot. Accordingly, it is respectfully recommended that petitioner's motion for equitable tolling regarding the filing of his notice of appeal, (D.E. 63), be denied.

Respectfully submitted this 15th day of September 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).